IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM L. HANDY, JR., <br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> Respondent. | * <br> * <br> * <br> * <br> * Civil Case No. 13-cv-477-AW <br> * Criminal Case No. 04-cr-559-AW <br> * Related Case: No. 09-cv-2011-AW <br> * <br> * <br> * |

*****************************************************************************

**MEMORANDUM OPINION**

Pending before the Court is Petitioner/Defendant William L. Handy, Jr.'s Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Doc. No. 682. For the reasons articulated below, Petitioner's Motion will be DENIED.

**I.     BACKGROUND**

On January 30, 2007, following a six-day jury trial in which he proceeded *pro se*, Petitioner was convicted of the following counts from the Fifth Superseding Indictment: conspiracy to distribute and possess with intent to distribute cocaine (Count I); use of a communications facility in furtherance of a narcotics offense (Counts II, III, and IV); and possession with intent to distribute cocaine (Count V). *See* Doc. No. 561 at 1-2.[1] The Court sentenced Petitioner to 360 months of incarceration followed by five years of supervised release as to Counts I and V, and 48 months of incarceration followed by three years of supervised release with respect to Counts II, III, and IV, all counts to run concurrently. *Id.* at 2. The Court

---

[1] A more detailed history of this case can be found in the Court's August 5, 2010 Memorandum Opinion denying Petitioner's Motion to Vacate under 28 U.S.C. § 2255, Doc. No. 561, and in *United States v. Hall*, 551 F.3d 257 (4th Cir. 2009).

entered judgment on April 13, 2007. Doc. No. 454. The Fourth Circuit affirmed Petitioner's conviction and sentence on January 8, 2009. *United States v. Hall*, 551 F.3d 257 (4th Cir. 2009).

On July 31, 2009, Petitioner filed a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255 on the grounds that, *inter alia*, his waiver of trial counsel violated his Sixth Amendment rights because it was not knowingly made. Doc. No. 531. With respect to this issue, the Government adopted and incorporated by reference the arguments it made in opposition to a virtually identical claim raised by Petitioner's co-defendant, Christopher Hall, in Hall's § 2255 petition. Doc. No. 540 at 7. On August 5, 2010, the Court denied Petitioner's § 2255 petition concluding, *inter alia*, that Petitioner's waiver of counsel arguments were groundless. Doc. No. 561 at 5-7. Petitioner appealed and the Fourth Circuit dismissed his appeal on March 24, 2011. Doc. No. 593.

Petitioner filed the pending Motion for Relief from Judgment on February 4, 2013. Doc. No. 682. Petitioner argues that his Motion is not a successive § 2255 petition because he is attacking defects in the integrity of the collateral review process, not the substance of the Court's resolution of his claims on the merits. *Id.* at 1-2. Petitioner identifies the following defects in the Court's denial of his § 2255 petition: (1) that the Court deprived him of his due process rights by allowing the Government to file a response to his petition that did not adhere to Rule 5 of the Rules Governing Section 2255 Proceedings; and (2) that the Government committed fraud upon the Court by citing statements from a colloquy that allegedly did not occur. Petitioner's Motion is fully briefed and ripe for the Court's consideration.

## II. ANALYSIS

In *United States v. Winestock*, 340 F.3d 200, 206-07 (4th Cir. 2003), the Fourth Circuit distinguished between a Rule 60(b) motion and a 28 U.S.C. § 2255 motion to vacate, set aside or

2

correct a sentence. The Fourth Circuit explained that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." *Id.* at 207. Because Petitioner's Motion is focused on alleged defects in the collateral review process, the Court concludes that his Motion is properly considered under Rule 60(b).

To set aside a judgment under Rule 60(b), a movant must first show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Cabo*, 731 F.2d 204, 207 (4th Cir. 1984)). After making these threshold showings, the movant must then satisfy one of the six enumerated grounds for relief under Rule 60(b). *Dowell*, 993 F.2d at 48; *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 265 (4th Cir. 1993). Those enumerated grounds are the following:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Petitioner cites Rules 60(b)(4) and 60(b)(6) as grounds for relief from the Court's judgment. The Fourth Circuit has noted that the catchall

3

provision of Rule 60(b)(6) may only be invoked in "extraordinary circumstances." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011).

Petitioner asserts that the Court's reliance on the Government's response to his § 2255 petition—which adopted and incorporated by reference the Government's response to his co-defendant's § 2255 petition—deprived him of his due process rights because he was never served with a copy of the incorporated document. Doc. No. 682 at 3-4. Petitioner cites Rule 5 of the Rules Governing Section 2255 Proceedings, which addresses responsive briefing to § 2255 petitions. Nothing in Rule 5 required the Government to serve Petitioner with a copy of the incorporated document. Indeed, the Government adequately addressed Petitioner's waiver of counsel allegations by adopting and incorporating by reference the arguments set forth in a publicly available document on Petitioner's docket. *See* Doc. No. 529. The Court therefore is unable to discern any noncompliance with Rule 5(b). Regardless of the manner in which the Government opposed Petitioner's § 2255 petition, however, the Court addressed Petitioner's claims in detail and correctly ruled upon the specific circumstances of his knowing waiver in its Memorandum Opinion denying his petition. Doc. No. 561 at 5-7. Accordingly, Petitioner was not prejudiced by the Government's alleged failure to serve him with a copy of the incorporated document. Accordingly, this claim of a defect in the collateral review process does not amount to an extraordinary circumstance warranting relief under Rule 60(b)(6).[2]

Petitioner next asserts that the Government committed fraud upon the Court by claiming that the *Faretta* hearing included a colloquy in which the Court advised Petitioner of the minimum and maximum sentences he was facing, when no such colloquy was made. Doc. No. 682 at 5-7. Petitioner's allegations are without foundation. The Government argued in its

---

[2] Petitioner also cites Rule 60(b)(4), but there is no conceivable basis on which to conclude that the Court's judgment is void. Furthermore, based on the alleged defect identified by Petitioner, none of the other grounds for relief under Rule 60(b) appear to apply.

response brief that Petitioner, like his co-defendant, made his own decision to proceed pro se following the Court's colloquy "to ensure both defendants understood the decision." Doc. No. 540 at 7. The Government noted that the issue was addressed at length in its response to Petitioner's co-defendant's § 2255 petition. *Id.* In its Memorandum Opinion denying the petition, the Court cited its repeated cautions to both defendants about the dangers of representing themselves and determined that each of them made a knowing, voluntary, and intelligent decision. Doc. No. 561 at 5-6; *see also* Doc. No. 529 at 9-11. There is no indication that the Court relied upon any alleged statement by the Government that Petitioner was advised during the *Faretta* hearing of the minimum and maximum sentences he was facing. *Id.* Furthermore, any general allegation that the Government fraudulently misrepresented the substance of the colloquy is baseless.[3] Accordingly, Petitioner has failed to identify any extraordinary circumstances or other grounds warranting relief from judgment under Rule 60(b).

To the extent Petitioner directly attacks his conviction or sentence in his self-styled Rule 60(b) Motion, his claims must be dismissed. A second or successive § 2255 petition may not be filed absent authorization from the Court of Appeals. See 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc). Such authorization is granted only if the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

---

[3] Petitioner even appears to acknowledge that the Court warned him about the disadvantages associated with his lack of legal skill. Doc. No. 682 at 6. Contrary to Petitioner's suggestions, the Court had adequate grounds upon which to conclude that his waiver of the right to counsel was the result of an informed and conscious choice.

5

28 U.S.C. § 2255(h). These circumstances are not present in Petitioner's claims, and there is no indication that the Fourth Circuit authorized the filing of a successive § 2255 petition. Accordingly, Petitioner's Motion will be DENIED.

### III. CERTIFICATE OF APPEALABILITY

There is no absolute entitlement to appeal a district court's denial of relief under § 2255. See 28 U.S.C. § 2353(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). To meet this burden, an applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). It is the Court's view that Petitioner has raised no arguments that cause this Court to view the issues as debatable, find that the issues could have been resolved differently, or conclude that the issues raise questions which warrant further review. Accordingly, the Court DENIES a Certificate of Appealability.

### IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion for Relief from Judgment will be DENIED. A separate Order will follow.

<u>December 5, 2013</u>              <u>      /s/       </u>
   Date                                                 Alexander Williams, Jr.
                                                       United States District Judge